United States District Court
Southern District of Texas

**ENTERED**

March 17, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ABEL CRAEGH-CAZULL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-cv-01792 |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the Court is Petitioner Abel Craegh-Cazull's Petition for Habeas Corpus (ECF No. 1) and Respondents' Response and Motion for Summary Judgment (ECF No. 5). For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

### I.     BACKGROUND

Petitioner is a citizen of Cuba who entered the United States without inspection in 2022. ECF No. 1 at ¶¶ 1-2; ECF No. 5 at 2. After initial entry, he was issued a Notice to Appear (NTA) charging him with being "an alien present in the United States who has not been admitted or paroled" and therefore inadmissible under section 212(a)(6)(A)(i) of the Immigration and Nationality Act (8 U.S.C. § 1182(a)(6)(A)(i)), and he was taken into immigration custody. *Id.* Immigration authorities then released Petitioner on July 2, 2022, on his own recognizance subject to certain conditions; Petitioner's counsel confirmed this via email and provided a copy of the release order, attached below.

Respondents make no allegation that Petitioner violated any condition of his release. He has no criminal convictions or pending criminal charges, and he has complied with all requirements imposed by immigration authorities. ECF No. 1 at ¶ 10. Nonetheless, Respondents re-detained Petitioner at a routine ICE check-in on November 14, 2025. ECF No. 1 at ¶ 3. He remains in custody. The Government's position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). Petitioner's re-detention causes severe harm. ECF No. 1 at ¶ 18.

## II.     ANALYSIS

Petitioner argues that his re-detention violates, *inter alia*, the Due Process Clause of the Fifth Amendment. ECF No. 1 at ¶¶ 90-106. Because the Court agrees that Petitioner's re-detention violates his procedural due process rights, it declines to address his other claims.

The Court recently addressed a nearly identical set of circumstances in *Betancourth v. Tate, et al*., --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. See *Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court also previously rejected Respondents' arguments regarding *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at *3-4. The Court sees no reason to reach a different result under the facts of this case. It therefore concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.

**III.   RELIEF**

The Court therefore **ORDERS** as follows:

1.  Respondents are **ORDERED** to release Petitioner from custody **within 48 hours**, pursuant to the terms of his prior release order, attached below.

2.  Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel or next friend of the time and place of his release **no less than three hours** prior to his release from custody.

3.  Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community or has violated the conditions of his release. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

4.  The Court further **ORDERS** that Respondents file an advisory with the Court **on or before March 20, 2026**, informing the Court of the status of Petitioner's release.

Signed at Houston, Texas on March 17, 2026.

Keith P. Ellison
United States District Judge

# ATTACHMENT 1

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## ORDER OF RELEASE ON RECOGNIZANCE

Name: **CREAGH CAZULL ABEL**

File No.: **240623045**

Date: **07/02/2022**

You have been arrested and placed in removal proceedings. In accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply with the following conditions:

☒ You must report for any hearing or interview as directed by Immigration and Customs Enforcement or the Executive Office for Immigration Review.

☒ You must surrender for removal from the United States if so ordered.

☒ You must report in person to Duty officer as directed on      **07/19/2022**      at      **10:00 am**

**2805 SW 145th Ave. | Miramar, FL 33027 | 954-843-5800**

If you are allowed to report in writing, the report must contain your name, alien registration number, current address, place of employment, and other pertinent information as required by the officer listed above.

☒ You must not change your place of residence without first securing written permission from the officer listed above.

☒ You must not violate any local, State or Federal laws or ordinances.

☒ You must assist Immigration and Customs Enforcement in obtaining any necessary travel documents.

☒ Other: *Your release is contingent upon your enrollment and successful participation in an Alternatives to Detention (ATD) program as designated by the U.S. Department of Homeland Security. As part of the ATD program, you will be subject to electronic monitoring and may be subject to a curfew. Failure to comply with the requirements of the ATD program will result in a redetermination of your release conditions or your arrest and detention.*

*If fitted with a U.S. Immigration and Customs Enforcement GPS tracking ankle bracelet, do not tamper with or remove the device. Under federal law, it is a crime to willfully damage or attempt to damage property of the United States. Damaging or attempting to damage the GPS tracking ankle bracelet or any of its associated equipment (including, but not limited to, the charging station, batteries, power cords, etc.) may result in your arrest, detention, and prosecution under 18 U.S.C. § 1361 and/or 18 U.S.C. § 641, each punishable by a fine, up to ten years imprisonment, or both.*

☒ See attached sheet containing other specified conditions (Continue on separate sheet if required)

NOTICE: Failure to comply with the conditions of this order may result in revocation of your release and your arrest and detention by Immigration and Customs Enforcement.

**Omar Perez, SDDO**
(Name and Title of ICE Official)

### Alien's Acknowledgement of Conditions of Release under an Order of Recognizance

I hereby acknowledge that I have (read) (had interpreted and explained to me in the      English/Spanish      language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

(Signature of ICE Official Serving Order)

(Signature of Alien)

07/02/2022
Date

I hereby cancel this order of release because:

☐ The alien failed to comply with the conditions of release.      ☐ The alien was taken into custody for removal.

(Signature of ICE Official Cancelling Order)

Date

ICE Form I-220A (10/20)

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## ORDER OF RELEASE ON RECOGNIZANCE
### (CONTINUATION PAGE)

| CREAGH CAZULL ABEL | | | Picture | Right Index Print |
|---|---|---|---|---|
| File Number 240623045 | | Date 07/02/2022 | | |
| Alien's Signature | | | | |
| Alien's Telephone Number (if any) (305) 205-2173 | | | | |
| Alien's Address C/O 4031 SW 129TH AVE MIAMI FLORIDA 33175 | | | | |

### PERSONAL REPORT RECORD

| Date | Officer | Comment/Changes |
|---|---|---|
| 07/02/2022 | Love | Subject Released on OREC; Subject advised to report with photo ID on: |
| | | **07/19/2022** at **10:00 am** |
| | | 2805 SW 145th Ave. \| Miramar, FL 33027 \| 954-843-5800 |

| Signature | Title |
|---|---|
| | Love Deportation Officer |

ICE Form I-220A (10/20)

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## ORDER OF RELEASE ON RECOGNIZANCE
## (ADDENDUM)

File No.: **240623045**

Name: **CREAGH CAZULL ABEL**

Date: **07/02/2022**

☒ That you do not associate with known gang members, criminal associates, or be associated with any such activity.

☐ That you register in a substance abuse program within 14 days and provide ICE with written proof of such within 30 days. The proof must include the name, address, duration, and objectives of the program as well as the name of a counselor.

☐ That you register in a sexual deviancy counseling program within 14 days and provide ICE with written proof of such within 30 days. You must provide ICE with the name of the program, the address of the program, duration and objectives of the program as well as the name of a counselor.

☐ That you register as a sex offender, if applicable, within 7 days of being released, with the appropriate agency(s) and provide ICE with written proof of such within 10 days.

☒ That you do not commit any crimes while on this Order of Release on Recognizance.

☐ That you report to any parole or probation officer as required within 5 business days and provide ICE with written verification of the officer's name, address, telephone number, and reporting requirements.

☒ That you continue to follow any prescribed doctor's orders whether medical or psychological including taking prescribed medication.

☒ That you provide ICE with written copies of requests to Embassies or Consulates requesting the issuance of a travel document.

☒ That you provide ICE with written responses from the Embassy or Consulate regarding your request.

☒ Any violation of the above conditions will result in revocation of your employment authorization document.

☒ Any violation of these conditions may result in you being taken into ICE custody and you being criminally prosecuted.

☐ Other:

X _____
(Signature of Alien)

ICE Form I-220A (10/20)

Page 3 of 3

# Intensive Supervision Appearance Program
# BI SmartLINK S-Site Participant Agreement

Participants required to be monitored with location or curfew verification, will be monitored using the BI SmartLINK® Application.

## AGREEMENT

1. I, __CREAGH CAZULL ABEL_____, am authorized to travel to the 2805 SW 145th Ave. | Miramar, FL 33027 | 954-843-5800 in the city of _____ within the United States. I agree to arrive at this final location by __07/19/2022__. Upon arrival at this final location, ERO-ATD will make a determination on next steps.

2. While in the Electronic Monitoring Program, I agree to carry a BI provided mobile device and keep it charged and powered on at all times.

3. I acknowledge receipt of BI mobile device ID#:

4. I agree that if I am required to submit a Check-In as part of my supervision program that:
   - I understand I will receive a notification to submit my ○Daily, ⊙Weekly, or ○Monthly on Saturday      Check-In between _10:00 - 11:00_ and will comply by completing my Check-In as required.
   - I understand that my mobile device allows the SmartLINK app to provide my location information
   - I agree to be in a cellular data coverage area or connected to a Wi-Fi hotspot with Internet connectivity at the time of my Check-In or other required event. If I do not have coverage at the time of my check-In or other event, I will move to an area of coverage as soon as possible.

5. I understand that my identity is confirmed using biometric technology and I agree that I will not attempt to circumvent or take any action designed to circumvent the reliability of the biometrics technology.

6. I acknowledge that it is my responsibility to inform ERO immediately if I lose or damage the BI mobile device upon which the SmartLINK application is installed.

7. I agree to NOT drive a motor vehicle or operate machinery when using the SmartLINK application.

8. I agree to NOT tamper or discard the BI mobile device.

9. I understand I must return the BI mobile device at my first visit with the BI ISAP or ERO office.

## ACKNOWLEDGEMENT OF REVIEW

My signature below acknowledges that I have received a copy of the rules and authorized schedule and that they have been explained to me. I also acknowledge that translation services were available upon request. I understand that I must comply with these rules until I have completed the Electronic Monitoring Program, or until otherwise notified by my Intensive Supervision Case Specialist. I also understand that any violation of these rules will constitute a violation that could result in termination of my participation in this program and return to detention.

Participant Name: **CREAGH CAZULL ABEL**

Alien Number: **240623045**

Participant Signature

Date 07/02/2022

Case Specialist Signature

Date 07/02/2022

© 2019 BI Incorporated T26-02-090          BI Proprietary & Confidential